Adam Strachan, Esq.  (11468)
STRACHAN, STRACHAN & SIMON, P.C.
401 Main Street, Second Floor
P.O. Box 1800
Park City, Utah 84060-1800
Telephone: (435) 649-4111
Facsimile: (435) 645-9429
astrachan@strachanlaw.com
*Attorneys for Petitioner*
ALLIED WORLD ASSURANCE COMPANY, LTD

___

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

___

| | |
|---|---|
| ALLIED WORLD ASSURANCE COMPANY, LTD. | **PETITION AND MOTION TO ENFORCE FOREIGN ARBITRATION AWARD** |
| Petitioner, | |
| | Civil No. 2:17-cv-01188 |
| v. | |
| | Judge: Robert J. Shelby |
| BANK OF UTAH | |
| Respondent. | |

**PRELIMINARY STATEMENT**

Petitioner ALLIED WORLD ASSURANCE COMPANY, LTD ("Allied World"), by and through its attorneys, Clyde & Co US LLP, alleges and avers as follows in support of its Petition for entry of an Order pursuant to 9 U.S.C. § 207 (i) confirming and recognizing the final arbitral award dated November 3, 2016 issued by the London Court of International Arbitration (the "LCIA") in the arbitration styled *"Amur Finance I LLC and Bank of Utah (in its capacity as Owner Trustee of the MSN53519 and MSN5320 Trusts) v. Allied World Assurance Company LTD"* (the "Final Award")  (ii) entering judgment in Allied World's favor against Bank of Utah in the amount

of the Final Award with interest and costs as provided therein, plus the costs of this proceeding and (iii) awarding Allied World such other and further relief as the Court deems just and proper.

## NATURE AND SUMMARY OF ACTION

1. Amur Finance I LLC ("Amur") and Respondent Bank of Utah commenced arbitration against Allied World before the LCIA which was conducted in London, England pursuant to the LCIA Rules (the "London Arbitration"). *See* Declaration of Paul Baker ("Baker Decl.") ¶ 3.

2. The London Arbitration occurred pursuant to an arbitration agreement contained in a Trade Credit Insurance Policy TC17718/00 dated February 12, 2013 issued by Allied World, as insurer, to Amur and Bank of Utah, as insureds (the "Policy"). Baker Decl. ¶ 4. A certified copy of the Policy is attached as Exhibit "A" to the Declaration of Colm Singleton (Singleton Decl.").

3. On September 5, 2016, the arbitration panel in the London Arbitration (the "Tribunal") issued a Partial Award declaring, *inter alia*, that Amur and Respondent Bank of Utah did not suffer a "loss" under the Policy and that, accordingly, Allied World is not liable to indemnify them under the Policy. *See* Baker Decl., Ex. "A" at 141. The Tribunal also stated in the Partial Award that it would reserve determination of legal and other costs to the Final Award. *See id.*

4. On November 3, 2016, the Tribunal issued the Final Award, a certified copy of which is attached as Exhibit "B" to the Baker Decl. In the Final Award, the Tribunal awarded legal and other costs to Allied World in the sum of £140,000 plus $228,000 with interest.

5. Petitioner Allied World now seeks confirmation, recognition and enforcement of the Final Award as against Respondent Bank of Utah.[1]

---

[1] Allied World is also filing a Petition to recognize, confirm and enforce the Final Award as against Amur in the United States District Court for the Southern District of New York.

## PARTIES, JURISDICTION AND VENUE

6. Petitioner Allied World was and still is a foreign business entity, organized and existing pursuant to the laws of Bermuda. *See* Singleton Decl. ¶ 2.

7. Respondent Bank of Utah was and still is a corporation organized and existing pursuant to the laws of Utah with its principal place of business in Ogden, Utah. Declaration of Andrew Harakas, Ex. "A." Accordingly, Bank of Utah is subject to the personal jurisdiction of this Court.

8. This Court has original subject matter jurisdiction over Allied World's Petition pursuant to 9 U.S.C. § 203, which provides that the United States District Courts have original subject matter jurisdiction over a proceeding governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), as implemented by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* and 9 U.S.C. § 201 *et seq.*

9. Venue is proper in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(b) and (c) because, save for the parties' arbitration agreement, an action or proceeding with respect to the controversy between the parties could have been brought in this District.

## STATEMENT OF FACTS

10. The underlying arbitration involved a coverage dispute which arose under the Policy issued by Allied World to Amur and Respondent Bank of Utah. *See* Baker Decl. ¶ 4.

11. The parties' arbitration agreement (the "Arbitration Agreement"), set forth in the Policy, provides:

> …The construction, validity and performance of this Policy shall be governed exclusively by the laws of England and Wales without regard to its choice of law rules. All disputes which may arise under or in connection with this Policy, including any determination of the amount of the Loss, shall be subject to arbitration in London, England under the auspices of the London Court of International Arbitration, in accordance with its then prevailing rules. The number of arbitrators shall be three.

*See* Singleton Decl., Ex. "A," Section VI, Clause G.

12. At all times relevant to this Petition, Amur and Respondent Bank of Utah were, respectively, the beneficial owner and the title owner of two 2002 Bell 407 helicopters (the "helicopters"). *See* Baker Decl, Ex. "A" at 4.

13. Amur and Respondent Bank of Utah, in its capacity as owner trustee, leased the helicopters to Helicopteros y Vehiculos Aereos Nacionales SA de CV ("Helivan") for the total sum of US $6,650,000.00. *See id.*

14. After Helivan failed to meet its payment obligations under the leases, Amur and Respondent Bank of Utah made claims to Allied World under the Policy, which claims Allied World declined (for reasons that were upheld in the underlying arbitration). *See id.*

15. Amur and Respondent Bank of Utah commenced the London Arbitration pursuant to the Arbitration Agreement by lodging a Request for Arbitration dated May 7, 2015 with the LCIA and serving it upon Allied World. *See id.* at 6.

16. In June 2015, the LCIA Court appointed the Tribunal, consisting of three arbitrators, to preside over the London Arbitration. *See id.*

17. After Allied World, Amur and Respondent Bank of Utah fully submitted their evidence and positions, the Tribunal issued a Partial Award dated September 5, 2016 declaring, *inter alia*, that Amur and Respondent Bank of Utah did not suffer a "loss" under the Policy and that, accordingly, Allied World is not liable to indemnify them under the Policy. The Tribunal also determined in the Partial Award that it would reserve determination of legal and other costs to the Final Award. *See id.* at 141.

18. Thereafter, on November 3, 2016, the Tribunal issued the Final Award in favor of Allied World on the issue of costs, directing:

- Amur and Bank of Utah, and each of them to be jointly and severally liable to pay to Allied World, its legal and other costs in the sums of **£140,000** plus **US$228,000**, within 30 days of the date of the Final Award.

- Interest to accrue on any unpaid legal and other costs as from 30 days after the date of this award at the rate of 1% over the daily sterling and dollar LIBOR.

*See* Baker Decl., Ex. "B" at 16.

19. Through counsel, Allied World repeatedly has followed up with Amur and Respondent Bank of Utah for satisfaction of the Final Award. *See* Baker Decl., Exs. "C"-"H".

20. In ongoing defiance of the Final Award, Amur and Respondent Bank of Utah continue to refuse to pay their obligations to Allied World. *See* Baker Decl. ¶ 14.

21. Accordingly, Allied World now seeks to enforce the Final Award against Respondent Bank of Utah in the total amount of:

- £140,000 plus £4.70 interest[2] per day from December 3, 2016 to the date of Judgment[3]; and

- $228,000 plus $8.96 interest[4] per day from December 3, 2016 to the date of Judgment.

22. Petitioner Allied World seeks leave of this Court to confirm the Arbitration Award in accordance with Section 207 of the New York Convention, which provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming

---

[2] The daily interest is calculated as follows: £140,000 x 1.22625% [1% over the daily sterling LIBOR as of December 3, 2016] ÷ 365 days = £4.70.

[3] As of November 9, 2017, 1 British Pound equals 1.31 US Dollars. Based upon that conversion rate, £140,000 = $183,666 and £4.70 = $6.17.

[4] The daily interest calculated as follows: $228,000 x 1.43422% [1% over the daily dollar LIBOR as of December 3, 2016] ÷ 365 days = $8.96.

> the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207.

23. The United Kingdom and the United States are parties to the New York Convention, which provides that a court sitting in any nation that is a party to the New York Convention must recognize and enforce a foreign arbitral award, where duly authenticated copies of both the agreement to arbitrate and the arbitral award are presented to the court, so long as the application for such is timely made and none of the delineated exceptions for non-recognition are present.

24. Allied World has provided duly authenticated copies of the parties' Arbitration Agreement and the Final Award.

25. This application to recognize and confirm the Final Award is timely in that it is brought within three (3) years from the date of the Final Award.

26. Under the New York Convention, no grounds exist for this Court to refuse confirmation and recognition of the Final Award.

## ARGUMENT

### I.

### THE FOREIGN ARBITRATION AWARD SHOULD BE RECOGNIZED AND CONFIRMED BY THIS COURT

A petition to confirm an arbitration award rendered in a foreign state is governed by a multilateral treaty, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 53 (the New York Convention), as implemented by, and reprinted in, the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-08. *Kingsley Underwriting Agencies, Ltd.,* 969 F.2d 953, 958 (10th Cir. 1992); *Compagnie Noga*

*d'lmportation et d'Exportation S.A. v. Russina Fed'n*, 361 F.3d 676, 683 (2d Cir. 2004). The United States and United Kingdom are contracting states to the New York Convention. *Kingsley Underwriting Agencies,* 969 F.2d 953 at 958. The United States' ratification of the New York Convention "makes it part of the supreme law of the land, as enforceable as Congressional enactments." *Id.*

Section 207 of the FAA provides the procedural mechanism by which courts of the United States may enforce foreign arbitration awards:

> Within three years after an arbitral award falling under this Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in said Convention.

9 U.S.C. § 207.

### A. The Subject Arbitration Award Falls under the Convention

The Final Award issued in favor of Petitioner in the United Kingdom pursuant to the Arbitration Agreement contained in the Policy falls under the Convention and may be enforced in this Court.

Section 202 of the FAA provides as follows:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract or agreement described in section 2 of this title, falls under the Convention.

9 U.S.C. § 202.

Section 2 of the FAA provides, in relevant part, that "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

9 U.S.C. § 2. Commerce is broadly defined in the FAA to mean "commerce among the several states or with foreign nations." 9 U.S.C. § 1.

In this case, the Policy is a contractual, commercial relationship between the parties, and the Arbitration Agreement provides that all disputes arising under the Policy would be submitted to arbitration in the United Kingdom. Accordingly, the Final Award made pursuant to the Arbitration Agreement falls under the Convention and may be enforced in this Court.

### B. This Petition is Timely

The Final Award was issued on November 3, 2016. Accordingly, this Petition was filed within three years of the date of the Final Award and is timely.

### C. Jurisdiction and Venue are Proper in this Court

The district courts of the United States have original jurisdiction over actions or proceedings falling under the Convention, regardless of the amount in controversy, pursuant to 9 U.S.C. § 203. Accordingly, this Court has jurisdiction over this proceeding. Moreover, Section 204 of the FAA provides, in relevant part, that "[a]n action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which save for the arbitration agreement an action or controversy with respect to the controversy between the parties could be brought." 9 U.S.C. § 204. Because Bank of Utah has its principal place of business in Ogden, Utah, this Court is the proper venue for this proceeding.

### D. Recognition of the Arbitration Award is Appropriate

Upon application of a party to an arbitration award made pursuant to the Convention, "a district court shall enter 'an award confirming the award as against any other party to the arbitration,' unless the court 'finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in ... the Convention.'" 9 U.S.C. § 207. *CEEG (Shanghai) Solar Science & Technology Co., Ltd v. Lumos LLC,* 829 F.3d 1201, 1206 (10th Cir. 2016);

*Compagnie Noga*, 361 F.3d at 683. The party opposing the petition to confirm the arbitration award bears the burden of establishing the existence of one of the grounds for refusal to recognize and enforce the arbitration award. *Id*. "This burden is imposed because 'the public policy in favor of international arbitration is strong.'" *Compagnie Noga*, 361 F.3d at 683 *quoting Fotochrome, Inc. v. Copal Co.*, 517 F.2d 512, 516 (2d Cir. 1975).  The defenses are construed "'narrowly, to encourage the recognition and enforcement of commercial arbitration agreements in international contracts.'"  *CEEG,* 829 F.3d at 1206 *quoting Karaha Bodas Co. v. Perusahaan,* 364 F.3d 274, 288 (5th Cir. 2004).  Moreover, "[a]rbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part." *D.H Blair, Inc. & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) *quoting Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 63 (2d Cir. 2003). Where the respondent fails to respond or appear, a petition to confirm an arbitration award and any accompanying submissions are "treated as akin to [an] unopposed motion for summary judgment." *Id*. at 109-10.

"Under the Convention, [a] district court's role in reviewing a foreign arbitral award is strictly limited and the showing required to avoid summary conformance is high." *Compagnie Noga*, 361 F.3d at 683 (quotations and citations omitted). "Confirmation under the Convention is a summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm." *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007). A court should avoid "evidentiary and legal review generally," *Hall Street Associates, LLC v. Mattel, Inc.*, 128 S.Ct. 1396, 1404 (2008), and may not "second guess an arbitrator's resolution of a contract dispute." *John T. Brady & Co. v. Form-Eze Systems, Inc.*, 623 F.2d 261, 264 (2d Cir. 1980).

The Final Award was duly issued by the English arbitration Tribunal pursuant to the arbitration which was commenced by Bank of Utah and Amur. All involved parties appeared and fully participated. The well-reasoned Final Award sets out the basis for the Tribunal's decision, and the Final Award is final. Therefore, in accordance with 9 U.S.C. § 1 *et seq.* and 9 U.S.C. §201 *et seq.*, the Final Award should be confirmed by this Court.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Petitioner Allied World respectfully requests that this Court enter an Order and Judgment[5], pursuant to 9 U.S.C. § 207: (i) confirming and recognizing the Final Award, (ii) entering judgment in favor of Petitioner and against Respondent Bank of Utah in the amount of the Final Award with the interest and costs as provided therein, plus the costs of this proceeding and post-judgment interest at the statutory rate in effect on this date and as set forth in 28 U.S.C. § 1981, and (iii) awarding Petitioner such other and further relief as the Court deems just and proper.

WHEREFORE, Petitioner Allied World prays:

A. That process in due form of law issue against the Respondent Bank of Utah, citing Respondent to appear and answer under oath all, and singular, the matters alleged in the Petition;

B. That its foregoing Petition to Recognize, Confirm and Enforce the Foreign Arbitration Award be granted and the Final Award be recognized, confirmed, and made into a Judgment of this Court, to be entered in favor of Petitioner Allied World and against Respondent Bank of Utah and that this Court also adjudge Respondent Bank of Utah liable to Petitioner for interest on the Final Award and Judgment.

---

[5] Allied World has submitted a proposed Final Judgment and Order Confirming Foreign Arbitral Award together with this Petition.

10

C. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing the Judgment, and/or any further judgments which may be obtained;

D. That this Court grant Petitioner its costs and expenses, including reasonable attorneys' fees, in pursuing Judgment and Enforcement; and

E. That Petitioner may have such other, further and different relief as may be just and proper.

Dated:  November 9, 2017

STRACHAN STRACHAN & SIMON

*Adam Strachan*
Adam Strachan


CLYDE & CO US LLP
Andrew J. Harakas
Nicholas L. Magali
405 Lexington Avenue
New York, New York 10174
Tel:  (212) 710-3900
Fax: (212) 710-3950
andrew.harakas@clydeco.us
nicholas.magali@clydeco.us

*Attorneys for Petitioner*
*ALLIED WORLD ASSURANCE COMPANY, LTD*

11