IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **ALLIED WORLD ASSURANCE COMPANY, LTD.,**<br><br>Petitioner,<br><br>v.<br><br>**BANK OF UTAH, in its capacity as Owner Trustee of the MSN53519 and MSN5320 Trusts,**<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:17-cv-01188-RJS-JCB<br><br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Respondent Bank of Utah, in its capacity as Owner Trustee of the MSN53519 and MSN5320 Trusts ("Bank of Utah as Trustee"), filed two motions requesting an in-person hearing and objecting to a writ of execution the Clerk of Court issued on March 7, 2022 ("Writ").[2] The court held oral argument on the motions on August 25, 2022.[3] For the reasons stated on the record, the court: (I) granted Bank of Utah as Trustee's motions and quashed the Writ; and (II) stated that the court is considering imposing sanctions against Petitioner Allied World Assurance Company, Ltd. ("Allied") under 28 U.S.C. § 1927. This

---

[1] ECF No. 24.

[2] ECF Nos. 22, 29.

[3] ECF No. 31.

Memorandum Decision and Order memorializes the court's rulings, which the court addresses in turn below.

I.     **Bank of Utah as Trustee's Motions and the Writ**

This action is based upon an arbitration award of attorney fees and costs entered in favor of Allied and against Bank of Utah as Trustee. On November 9, 2017, Allied initiated this action by filing a motion to enforce the arbitration award against Bank of Utah.[4] Subsequently, Bank of Utah moved to dismiss this action to the extent it sought judgment against Bank of Utah in its individual capacity rather than against Bank of Utah as Trustee.[5] Chief Judge Shelby denied Bank of Utah's motion on April 26, 2018, stating: "Nothing in the Motion to Enforce supports the inference that Allied is seeking judgment against Bank of Utah in its individual capacity. Thus, the court will construe the Motion to Enforce as directed against Bank of Utah in its capacity as a trustee."[6]

On May 25, 2018, Chief Judge Shelby granted Allied's motion to enforce and directed it to submit a proposed judgment.[7] Despite Chief Judge Shelby's prior ruling, Allied submitted a proposed judgment that did not specifically indicate that the judgment was against only Bank of Utah as Trustee.[8] Instead, the proposed judgment indicated that it was against "Bank of Utah."[9]

---

[4] ECF No. 2.

[5] ECF No. 4.

[6] ECF No. 11 at 2.

[7] ECF No. 13.

[8] ECF No. 14.

[9] *Id.* at 3.

Bank of Utah as Trustee filed a response to Allied's proposed judgment, arguing that the proposed judgment was misleading because it could suggest that the judgment was against Bank of Utah in its individual capacity.[10] Bank of Utah as Trustee submitted its own proposed judgment indicating that the judgment was against only Bank of Utah as Trustee.[11]

Undeterred by Chief Judge Shelby's prior ruling, Allied filed a reply in which it argued that the court had never determined that the judgment "may only be satisfied by trust assets" or that Bank of Utah's non-trust assets "are not subject to enforcement" of the judgment.[12] Allied further requested that the court "rule that Allied . . . is not constrained to enforce the [judgment] only against assets of . . . Bank of Utah held or traceable to the subject trusts" and argued that Allied "should be permitted to enforce the [j]udgment against available non-trust assets of Bank of Utah."[13]

Chief Judge Shelby entered a judgment on June 22, 2018.[14] That judgment specifically stated that it was "entered in this matter in favor of [Allied] against . . . Bank of Utah in its capacity as Owner Trustee of the MSN53519 and MSN5320 Trusts."[15]

On March 7, 2022, over three years after the judgment was entered, Allied applied for the Writ against "Bank of Utah" and represented to the court that Allied was permitted to execute on

---

[10] ECF No. 15.

[11] *Id*.

[12] ECF No. 16 at 2 of 6.

[13] *Id*. at 5 of 6.

[14] ECF No. 18.

[15] *Id*. at 3.

any assets "held by Bank of Utah as the judgment debtor."[16] The Clerk of Court issued the Writ the same day, which commanded "Bank of Utah" to turn over $417,880.35.[17]

On August 11, 2022, after Allied served Bank of Utah as Trustee's counsel with the Writ,[18] Bank of Utah as Trustee filed a motion requesting an in-person hearing and objecting to the Writ.[19] Apparently in response to Bank of Utah as Trustee's argument that the Writ was not properly served, Allied subsequently served Bank of Utah as Trustee with the Writ on August 17, 2022,[20] which prompted Bank of Utah as Trustee's second motion requesting an in-person hearing and objecting to the Writ.[21]

As indicated above, the court held a hearing on Bank of Utah as Trustee's motions on August 25, 2022.[22] Given Chief Judge Shelby's prior ruling that he had construed Allied's motion to enforce as being directed against only Bank of Utah as Trustee, and his entry of judgment against only Bank of Utah as Trustee, the court questioned Allied's counsel extensively during the hearing about the legal authority upon which he was relying that would permit Allied to collect on any non-trust assets held by Bank of Utah. Despite being given numerous opportunities to present that authority, Allied's counsel could not identify any plausible legal

---

[16] ECF No. 19 at 2.

[17] ECF No. 20.

[18] ECF No. 25.

[19] ECF No. 22.

[20] ECF No. 26.

[21] ECF No. 29.

[22] ECF No. 31.

basis for collecting the judgment against Bank of Utah in its individual capacity. In fact, when the court directly questioned Allied's counsel about any such authority, he repeatedly stated that he did not have it, despite being provided with prior notice of the hearing, which the court was required to hold to determine whether the Writ could be enforced.[23] Consequently, the court granted Bank of Utah as Trustee's motions and quashed the Writ.

## II.    28 U.S.C. § 1927 Sanctions

After resolving Bank of Utah as Trustee's motions and quashing the Writ, the court indicated that it is considering imposing sanctions against Allied's counsel under § 1927 based upon their efforts to advocate a position that Chief Judge Shelby had rejected on several occasions—namely, that Allied is entitled to collect its judgment against Bank of Utah in its individual capacity rather than only against Bank of Utah as Trustee. The court voiced its concern that Allied's counsel's use of that rejected position to obtain the Writ was misleading to the court, unreasonably multiplying these proceedings, and forcing Bank of Utah as Trustee to unnecessarily expend resources to defend against that position.[24] The court also stated its

---

[23] Fed. R. Civ. P. 69(a)(1) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."); Utah R. Civ. P. 64E(d)(1)-(2) (providing that "[t]he defendant may reply to the writ and request a hearing" within 14 days of service of the writ and that "[t]he court shall set the matter for an evidentiary hearing" to determine whether "the writ was wrongfully obtained" or seeks property "exempt from seizure," or "the writ was properly issued and the property is not exempt").

[24] 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Braley v. Campbell*, 832 F.2d 1504, 1511-13 (10th Cir. 1987) (providing that a court may impose sanctions under § 1927 against counsel who, among other things: (1) engages in "conduct that,

concern that, after using that position to obtain the Writ, Allied's counsel could not identify a valid legal basis to support the position, despite having prior notice that the hearing was being held to determine the validity of the Writ.

At the same time, the court acknowledged that sanctions under § 1927 are limited to compensating Bank of Utah as Trustee and cannot be used to punish or deter Allied's counsel.[25] Thus, the court indicated that if any sanctions are imposed against Allied's counsel under § 1927, they will be limited to the fees and expenses Bank of Utah as Trustee incurred in filing its two motions and the fees for one attorney's time at the hearing on the motions.

The court also acknowledged that it is required to provide Allied's counsel with notice and an opportunity to be heard before imposing sanctions under § 1927.[26] Accordingly, the court ordered the parties to submit simultaneous briefs of no more than ten pages on the issue of § 1927 sanctions against Allied's counsel on or before September 8, 2022. The court indicated

---

viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court"; (2) acts "recklessly or with indifference to the law"; (3) engages in conduct that is either "cavalier" or "bent on misleading the court"; (4) "act[s] in the teeth of what [one] knows to be the law"; or (5) "repeat[s] arguments previously rejected by the court" (quotations and citations omitted)).

[25] 28 U.S.C. § 1927 (requiring the offending attorney to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of" the offending attorney's conduct); *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1205 (10th Cir. 2008) ("[T]he text of § 1927 . . . indicates a purpose to compensate victims of abusive litigation practices, not to deter and punish offenders.").

[26] *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1279 (10th Cir. 2005) (considering a sanctions award under § 1927 and providing that "'[t]he basic requirements of due process with respect to the assessment of costs, expenses, or attorney's fees are notice that such sanctions are being considered by the court and a subsequent opportunity to respond.'" (quoting *Braley*, 832 F.2d at 1514)).

that, once it considers the parties' forthcoming briefs, it will determine whether to impose § 1927 sanctions against Allied's counsel.

## ORDER

In summary, the court HEREBY ORDERS:

1. Bank of Utah as Trustee's two motions requesting an in-person hearing and objecting to the Writ[27] are GRANTED.

2. The Writ[28] is QUASHED.

3. On or before September 8, 2022, Allied and Bank of Utah as Trustee shall each submit a brief consisting of no more than ten pages on the issue of whether Allied's counsel should be sanctioned under § 1927.

4. Once the court considers the parties' forthcoming briefs, it will determine whether to impose § 1927 sanctions against Allied's counsel.

IT IS SO ORDERED.

DATED this 30th day of August 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[27] ECF Nos. 22, 29.

[28] ECF No. 20.